UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

KEENAN LEWIS WELLS,

    Defendant-Petitioner.

_____/

Case No. 98-80994

Honorable Nancy G. Edmunds

**ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 [109]**

**I.   BACKGROUND**

Petitioner-Defendant Keenan Lewis Wells pleaded guilty to one count of conspiracy with intent to distribute and to distribute controlled substances (cocaine and marijuana) in violation of 21 U.S.C §§ 841(a)(1), 846. The Court sentenced Wells to be imprisoned for a term of 262 months, with an increased offense level based in part on a prior "crime of violence" conviction, as defined under § 4B1.2(a) of the United States Sentencing Guidelines, for assault with intent to do great bodily harm less than murder. The sentence enhancement was also based on a prior conviction for conspiracy and delivery of cocaine. Wells appealed, and the Sixth Circuit dismissed his appeal. Wells filed his first motion under 28 U.S.C. § 2255 in 2002, which this Court denied.

On June 2, 2016, Wells moved for authorization to file a second motion to vacate. On November 18, 2016, the Sixth Circuit granted the authorization, and Wells filed the instant motion to vacate his sentence under 28 U.S.C. § 2255 arguing that his prior conviction for assault with intent to do great bodily harm less than murder no longer qualifies as a crime

of violence under the Guidelines. On January 31, 2017, the Court entered an Order Granting the Government's Motion to Stay Litigation pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court lifted the stay and ordered briefing on April 17, 2017. The Government filed a response on May 17, 2017. Wells filed a reply on June 1, 2017. For the reasons set forth below, the Court DENIES Wells's motion.

## II. ANALYSIS

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (internal quotations omitted).

Wells argues that his sentence must be vacated in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court invalidated the violent crime residual clause of 18 U.S.C. § 924(e) as unconstitutionally vague. Wells argues that *Johnson* applies to the identically-worded residual clause of the Sentencing Guidelines, § 4B1.2(a)(2).

After its decision in *Johnson*, the Supreme Court held in *Beckles* that the residual clause in Section 4B1.2(a)(2) of the Sentencing Guidelines is not unconstitutionally vague because the *advisory* Guidelines do not fix the permissible range of sentences: "To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate

2

sentence within the statutory range." 137 S. Ct. at 892. However, *Beckles* does not resolve the issue in the instant case. This Court sentenced Wells in 2000, before the Sentencing Guidelines were declared advisory in *United States v. Booker*, 543 U.S. 220, 245 (2005). *Johnson*'s applicability to the pre-*Booker mandatory* sentencing scheme remains an open question after *Beckles*. *See Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).

Nevertheless, the Sixth Circuit recently held that a claim relying on *Johnson* to challenge a pre-*Booker* sentence is barred by the statute of limitations. *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017). The same reasoning applies in this case.

28 U.S.C. § 2255(f) provides that the one-year statute of limitations "shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

This Court entered judgment on May 17, 2000. Wells appealed. The Sixth Circuit entered its order on June 25, 2001, and Wells did not file a petition for a writ of certiorari. Wells cannot rely on Section 2255(f)(1) because he filed the instant motion in 2016, over

3

fourteen years after his judgment of conviction became final. Wells cannot rely on Section 2255(f)(2) because he has not claimed any impediment to making this motion. Wells cannot rely on Section 2255(f)(4) either because the facts supporting his claim that the residual clause in the Sentencing Guidelines is unconstitutionally vague were available to him at sentencing.

Relying on Section 2255(f)(3), Wells claims that the Supreme Court's decision in *Johnson*, issued on June 26, 2015, "opens a one year window under 28 U.S.C. § 2255(f) from the date on which the right asserted was recognized by the Supreme Court." (Dkt. # 109 at 3). However, as the Sixth Circuit recently explained, the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague, and did not do so in *Johnson*. *Raybon*, 867 F.3d at 630. "Because it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id.* (quoting 28 U.S.C. § 2255(f)(3)) (emphasis in original). Therefore, the Court must conclude, as other courts in this district have also concluded, that Wells's motion is untimely. *See Price v. United States*, No. 16-CV-12623, 2017 WL 3581324, at *2 (E.D. Mich. Aug. 18, 2017); *United States v. Swain*, No. 03-CR-20031, Dkt. # 67 at 4 (E.D. Mich. Sept. 26, 2017).

Were the Court to reach the merits of Wells's motion, the end result would be the same. In *Raybon*, the Sixth Circuit further found that Michigan's assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, qualifies as a crime of violence, even if the residual clause is void, under the elements clause of Section 4B1.2(a) of the Guidelines. 867 F.3d at 632. *See also United States v. Chaney*, No. 13-20582,

4

2017 WL 3499936, at *5 (E.D. Mich. Aug. 16, 2017); *United States v. Sinclair*, No. CR 13-20829, 2017 WL 3977888, at *4 (E.D. Mich. Sept. 11, 2017).

## III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 and 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

For the reasons stated in this opinion, the Court will deny Wells a certificate of appealability because he has failed to make a substantial showing that his due process rights were compromised.

## IV. CONCLUSION

Based upon the foregoing, IT IS ORDERED that the petition for post-conviction relief is DENIED WITH PREJUDICE. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 24, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 24, 2017, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager